May Term, 1834.

HARTY
v.
THE STATE.

say that the Circuit Court should have granted a new trial. It does not appear from the record, by whom, the plaintiff or the defendants, this witness was introduced, nor is this very material. It appears that he was examined, but that he did not, until after the trial, recollect the admission of one of the defendants of the receipt of money, which he informed him was to be applied to the payment of the store debt, in one of the pleas mentioned. Had this been recollected, and been considered by the Court as material, he could have been re-examined before the jury retired. An opportunity would then have been afforded for the correction of the omission. It is certainly too late after the verdict. We know of no case in which such an affidavit has induced the granting of a new trial.

We are therefore of opinion, that the Circuit Court was correct in refusing to give the instruction asked, and also in refusing to grant a new trial.

Per Curiam.—The judgment is affirmed with costs.

I. Naylor, for the plaintiff.

C. P. Hester, for the defendants.

---

HARTY v. THE STATE, in Error.

Wednesday, June 4.

INDICTMENT. The first count, after stating that A. B. had committed larceny, at, &c. on, &c., charged the defendant with then and there aiding and abetting A. B., &c. The second count charged the defendant as an accessory to the larceny before the fact. Plea, not guilty. Verdict and judgment against the defendant.

Held, 1. That the want of an averment in the indictment, that the principal had been convicted, was no ground for arresting the judgment. 2. That an accessory must be tried after the conviction of the principal, or be tried with him. 3. That if the record do not show but that the principal had been convicted before the trial of an accessory, there is no ground for the latter to object, in an appellate Court, that there had been no such conviction.

The judgment was affirmed with costs.